IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANA S. DIAZ | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:10CV311 LG-RHW |
| | § | |
| RECONTRUST COMPANY, | § | |
| N.A., ET AL. | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND

BEFORE THE COURT is the Plaintiff's Motion to Remand [13]. The matter has been fully briefed. After due consideration of the parties' arguments and the relevant law, it is the Court's opinion that the Motion should be granted.

FACTS AND PROCEDURAL HISTORY

Plaintiff, a Mississippi resident, initiated this suit in Jackson County Chancery Court, alleging negligence and intentional bad acts by the corporate entities involved in lending funds for three residential properties and foreclosing on the properties. She seeks to quiet title, set aside the Deed of Trust, Special Warranty Deed and foreclosure, and brings breach of contract, unjust enrichment and other tort claims against the Defendants. The suit was removed by the Corporate Defendants[1] in July 2010, on the basis of this Court's diversity jurisdiction.

On November 4, 2010, the Plaintiff filed her First Amended Complaint, naming two individuals in addition to the Corporate Defendants. One of the individuals,

---

[1] The Corporate Defendants are Reconstruct Company, N.A., Mortgage Electronic Registration Systems, Inc., BAC Home Loans Servicing, L.P., Bank of America, N.A., and Federal National Mortgage Association.

Bradley P. Jones, is alleged to be a Mississippi resident.

Shortly after filing the First Amended Complaint, Plaintiff filed her Motion to Remand, asserting that Jones' presence in the suit destroyed diversity jurisdiction. The Corporate Defendants oppose remand, arguing that Jones is a nominal party only, as he is merely the trustee under certain of the Deeds of Trust at issue in this case. As such, Jones' presence in this suit has no effect on the Court's diversity jurisdiction. They argue in the alternative that diversity has not been destroyed because Jones was improperly joined and because Jones had not yet been served with process.

## DISCUSSION

The diversity statute requires "complete diversity" of citizenship. A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). However, the citizenship of a nominal party must be disregarded for purposes of determining diversity jurisdiction. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465-66 (1980); *Hawkins v. Wells Fargo Bank, N.A.*, 2008 WL 216529 *1 (S.D. Miss. Jan. 23, 2008); *Sones v. Simmons*, 2006 WL 2805325 *1 (S.D. Miss. Sept. 25, 2006). "[M]ere formal parties do not oust the jurisdiction of the court, even if they are without the requisite citizenship, where it appears that the real controversy is between citizens of different States." *Walden v. Skinner*, 101 U.S. 577, 589 (1879). Mississippi courts have determined that a trustee under a deed of trust is just such a formal party, because he is "little more than an agent, albeit for both parties, and the writing prescribes his

duties." *Wansley v. First Nat'l Bank of Vicksburg*, 566 So. 2d 1218, 1223 (Miss. 1990).

However, the Plaintiff's allegations against Jones are not simply that he was the trustee who conducted foreclosure sales pursuant to the Deeds of Trust. Plaintiff also alleges that Jones negligently performed his duties by failing to send a notice of foreclosure to Plaintiff's correct address. In addition, he (along with the other Defendants) is alleged to have actively worked against Plaintiff's interests, resulting in damages. Mississippi law provides that "[i]n a deed of trust the trustee is under a duty to perform his duties in good faith and act fairly to protect the rights of all parties equally." *Lake Hillsdale Estates, Inc. v. Galloway*, 473 So. 2d 461, 465 (Miss. 1985). *See also McKinley v. Lamar Bank*, 919 So. 2d 918, 930 (Miss. 2005). Accordingly, Plaintiff's allegations bring Jones within the realm of a real party in interest rather than a nominal party. Therefore, his citizenship is relevant for purposes of diversity jurisdiction.

It follows from this analysis that Jones has been properly joined, because there is a reasonable basis to predict that the Plaintiff might be able to recover from him. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Furthermore, Jones has now been served with process, rendering moot the Corporate Defendants' argument that the Court may not exercise power over an unserved party.

The Court therefore finds that diversity jurisdiction ceased to exist in this case upon the addition of the claims against Jones. As the Court lacks subject-matter jurisdiction, this case will be immediately remanded to the Jackson County Chancery Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the above styled and numbered cause should be, and is hereby **REMANDED TO THE CHANCERY COURT OF JACKSON COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28U.S.C. 1447(c).

**SO ORDERED AND ADJUDGED** this the 18th day of January, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE